CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 3 1 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MAGAR and KELLY MAGAR, | )<br>)<br>) |
| Appellants, | ) Case No. 7:07CV00111<br>) |
| v. | )<br>) MEMORANDUM OPINION<br>) |
| U.S. TRUSTEE, | ) By: Hon. James Turk<br>) Senior United States District Judge |
| Appellee. | ) |

This is a bankruptcy appeal from an order of United States Bankruptcy Judge Ross W. Krumm revoking the Magars' Chapter 7 discharge. The bankruptcy court found that grounds for revocation of the discharge existed for failure to obey a lawful order of the court. The parties have fully briefed the issues raised on this appeal. The court heard oral arguments from the parties on July 26, 2007. This matter is, therefore, ripe for decision. For the reasons stated below, the bankruptcy court's order will be affirmed.

## I. BACKGROUND AND PROCEDURAL HISTORY

On October 11, 2005, David and Kelly Magar filed a Chapter 7 bankruptcy petition. George A. McLean, Jr. was appointed Chapter 7 Trustee. The bankruptcy court issued the Magars a discharge of their debts on January 24, 2006. On February 14, 2006, the bankruptcy court entered an order sustaining McLean's objection to the Magars' claimed homestead exemption in their 2005 federal and state tax refunds, requiring the Magars to "turn over to the Trustee their 2005 federal and state income tax refunds pro-rated as of October 11, 2005, the date of filing with the trustee receiving that part of the refund accrued from January 1, 2005, to October 11, 2005." (Appellant App. 13.)

1

Copies of the order were served upon the Magars and their counsel by mail on February 15, 2006.

On September 21, 2006, the Office of the United States Trustee ("the United States Trustee") filed a complaint to revoke the Magars' discharge pursuant to 11 U.S.C. § 727(d)(3).[1] The complaint alleged that: "The debtors have not turned over said tax returns to the Trustee. More than fifteen days have elapsed since the date of entry of the Order of February 15, 2006, and the debtors are thereby in default of said order." (Appellant App. 17.) The debtors filed an answer in which they acknowledged receiving an Earned Income Credit payment but denied that the Chapter 7 Trustee was entitled to it.[2] A trial was held on December 11, 2006. The Magars were not present. The United States Trustee called Deborah Charles, a paralegal specialist in the Office of the United States Trustee, as a witness. Ms. Charles testified to information found in the Magars' 2005 tax return documents over the objection of the Magars' counsel, who claimed that the documents had not been properly authenticated to be admitted into evidence. The bankruptcy court entered an order revoking

---

[1] The complaint itself actually indicates that the revocation is pursuant to 11 U.S.C. § 727(d)(2). However, it is apparent to the court that this is a typographical error and that the revocation was pursued at trial pursuant to 11 U.S.C. § 727(d)(3). Section 727(d)(3) states in part: "On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if . . . the debtor committed an act specified in subsection (a)(6) of this section." Subsection (a)(6) states in part that the "court shall grant the debtor a discharge, unless . . . the debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or testify." The record reveals that the parties argued the issue that the Magars refused to obey an order of the court at trial and that the bankruptcy judge determined that "there exists grounds for revocation of the discharge for failure to obey a lawful order of the Court and the discharge will be revoked." (Appellant App. 53.) Accordingly, the court will consider this appeal in the context of 11 U.S.C. § 727(d)(3).

[2] The court notes the apparent confusion between a tax refund and an earned income credit. The Magars essentially claimed in their answer that they did not receive a tax refund but received an earned income credit and that the Chapter 7 Trustee was not entitled to that sum. Regardless of technical titles, the tax returns of the Magars illustrate that the debtors' were entitled to a return of $5,132.00 from the federal tax system, and $181.00 from the state tax system. The tax pro-ration is the equivalent of $1,193.62 to be kept by the debtors and $4,119.38 to be transferred to the Chapter 7 Trustee for the benefit of the estate and its creditors. See In re Whitmer, 228 B.R. 841(Bkrtcy. W.D. Va. 1998) (holding that the earned income credit (EIC) that the Chapter 7 debtor received, in connection with the tax return that she filed postpetition for the tax year in which the bankruptcy case was commenced, was "property of the estate" and was subject to turnover, as pro-rated to the date on which the bankruptcy petition was filed).

2

Case 7:07-cv-00111-JCT    Document 15    Filed 07/31/07    Page 2 of 7    Pageid#: 210

the Magars' discharge on December 21, 2006. The Magars timely filed a motion for reconsideration on December 21, 2006. An order granting the Magars' motion to voluntarily dismiss their motion for reconsideration was entered on January 16, 2007. The Magars filed this Notice of Appeal on January 24, 2007.

## II. STANDARD OF REVIEW

On an appeal from the bankruptcy court, the district court applies one of two standards of review. As to findings of fact, the district court must apply the clearly erroneous standard of review. Fed. R. Bankr. P. 8013; In re Bryson Props, XVIII, 961 F.2d 496, 499 (4th Cir. 1992). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). The district court reviews the bankruptcy court's conclusions of law de novo, however. See In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992); Resolution Trust Corp. v. C & R., L.C., 165 B.R. 593, 595 (W.D. Va. 1994). Moreover, if the appellate court considers a ruling over which the bankruptcy court exercised its discretion under the Bankruptcy Code, that finding is reviewed under an abuse of discretion standard. In re Suthers, 173 B.R. 570, 572 (W.D. Va. 1994); In re Jackson, 190 B.R. 808, 810 (W.D. Va. 1995). Similarly, the decision to admit evidence at trial is committed to the sound discretion of the trial court and is subject to reversal only if the court abuses that discretion. United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir. 1982).

## III. ANALYSIS

The issues on appeal are as follows:

A. Whether the bankruptcy court erred in ruling that the United States Trustee was required

3

to prove his case according to a "preponderance of the evidence" standard rather than a "clear and convincing" standard and whether the United States Trustee proved, even by a preponderance of the evidence, that the Magars did not comply with the court's order.

**B.** Whether the bankruptcy court abused its discretion by admitting the Magars' tax return documents into evidence.

**C.** Whether the bankruptcy court clearly erred in revoking the Magars' discharge.

### A.

In their original brief, the Magars claim that the plaintiff has the burden of proving the elements required for revocation of discharge by clear and convincing evidence. They admit in their reply brief that the proper standard is preponderance of the evidence but argue that, regardless, the United States Trustee failed to carry its burden of proof even under that standard. They claim that the United States Trustee did not present any evidence which proved that they received tax refunds and failed to turn over the refunds to the Trustee. The United States Trustee claims that the only issue is whether there was an order by the bankruptcy court and whether the Magars failed to comply with that order.

Controlling case law in the Fourth Circuit holds that the standard of proof in a discharge action under Section 727 is preponderance of the evidence, not clear and convincing evidence. Farouki v. Emirates Bank Intern. Ltd., 14 F.3d 244, 249 (4th Cir. 1994). Accordingly, the bankruptcy court did not err in holding the United States Trustee to that standard. Furthermore, the court finds that there was sufficient evidence to support the determination that the Magars did not comply with the court's order. A trustee seeking a revocation of discharge must establish that the debtor willfully and intentionally refused to obey the court's order. Jordan v. Smith, 356 B.R. 656, 659-60 (E.D. Va.

2006). Thus, the trustee must show more than a mere failure to obey the court's order that results from inadvertence, mistake, or inability to comply; he must demonstrate some degree of volition or willfulness on the part of the debtor. Id. The United States Trustee may meet this burden by demonstrating that the debtor received the order in question and failed to comply with its terms. Id.; see also In re Arnold, Bankruptcy No. 04-51787, 2007 WL 1501346, at *5 (Bkrtcy. W.D. Va. Mar. 29, 2007); In re Ireland, 325 B.R. 836 (Bkrtcy. E.D. Mo. 2005) (finding that the trustee can establish that the debtor refused to obey a court's order for purposes of 11 U.S.C. § 727(a)(6)(A) if the court mailed the order to the address listed by the debtor on his petition).

An order was entered by the bankruptcy court on February 14, 2006, directing the debtors to turn over a percentage of their 2005 federal and state income tax returns. There is no indication of improper service of this order, and the Magars do not contend that they did not receive the order. A letter was sent to debtors' counsel requesting payment on April 11, 2006 but the debtors still failed to turn over the funds that they presumably received in 2005. Moreover, the Magars admitted as much in their answer to the United States Trustee's complaint and failed to explain their non-compliance with the order. See United States v. Bryan, 339 U.S. 323, 330-334 (1950); In re Thompson, No. 06-3468, 2007 WL 671348, at *3 (Bkrtcy. N.D. Ohio Feb. 28, 2007) (finding that impossibility or an inability to comply with a judicial order is a valid affirmative defense to a charge of civil contempt but the contemnor may not merely assert a present inability to comply, but must also introduce supportive evidence showing that all reasonable efforts to comply with the order have been undertaken). Accordingly, the United States Trustee provided sufficient proof that the debtors were thereby in default of the order.

5

**B.**

The Magars next claim that the bankruptcy court abused its discretion by admitting their 2005 tax return documents into evidence because they were unsigned and because Ms. Charles did not personally know if the returns were prepared by the Magars or actually filed. The Magars claim that the documents were therefore not properly authenticated under Federal Rule of Evidence 901(a).[3] The United States Trustee claims that the tax return documents were authenticated by an employee of the Office of the United States Trustee and that there is an absence of evidence disputing the authenticity of the documents.

It is well established that "absent a clear showing of abuse of discretion, a trial court's discretion as to evidentiary rulings will not be disturbed on appeal." NationsBank of Virginia, N.A. v. DCI Pub. of Alexandria, Inc., 160 B.R. 538 (E.D. Va. 1993) (citing In re Cash Currency Exchange, 93 B.R. 618, 621 (N.D. Ill. 1988)). The court cannot find that the bankruptcy court abused its discretion by finding that the authenticity of the tax returns were sufficiently reliable and admitting the returns into evidence. The Magars seem to overlook the simple fact that the tax returns were unsigned because they were electronically filed. Also, the tax returns were faxed directly from the Magars' counsel, who presumably received the documents from his clients, to the Office of the United States Trustee. Furthermore, the Magars certainly could have provided the correct tax returns or offered some sort of explanation if the presented documents were not the Magars' actual tax return documents for 2005. The Magars did not claim that the documents were false nor did they offer any evidence disputing the authenticity of the documents. Because the record does not disclose any

---

[3] This rule states in part: "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." The rule also states as an illustration that authentication may be provided by the testimony of a witness who testifies "that a matter is what it is claimed to be."

6

evidence that the bankruptcy court's acceptance of this evidence constituted an abuse of discretion, this decision by the bankruptcy court is affirmed.[4]

### C.

A trustee seeking a revocation of discharge must establish that the debtor willfully and intentionally refused to obey the court's order. Jordan, 356 B.R. at 659-60. The bankruptcy court entered an order on February 14, 2006, directing the Magars to pay a certain portion of their expected refunds to the appointed bankruptcy trustee, and they knowingly or fraudulently failed to do so. There is no indication or evidence that the order was improperly served. Furthermore, a reminder letter was sent on April 11, 2006. The Magars also failed to explain their non-compliance with the order. Accordingly, the bankruptcy court was not clearly erroneous in finding that grounds existed for revocation of the discharge for willfully and intentionally refusing to obey a lawful order of the court, and the bankruptcy court's decision is affirmed.

### IV. CONCLUSION

For the reasons stated above, the court finds that the bankruptcy court made no errors of law or errors in its findings of facts in this case. Accordingly, the judgment and decision order of the bankruptcy court is hereby **AFFIRMED**. An appropriate Order shall this day issue.

ENTER:    This 31st day of July, 2007.

*James C. Turk*
HON. JAMES C. TURK
SENIOR UNITED STATES DISTRICT JUDGE

---

[4] The Magars point to Loftus v. Comm'r, No. 24801-89, 1992 WL 95635 (T.C.M. (CCH) May 11, 1992), as support for their claims, but the situation presented in Loftus can be distinguished from the present facts. The corporate tax return excluded from evidence in that case was incomplete and was also the return of a third party. The document could not be admitted without the consent of that third party. The return was not signed but it also was not an electronically filed return. Thus, these facts clearly distinguish the tax return at issue in Loftus from the tax return at issue here.

7