CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 19 2007

JOHN F. CORCORAN, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID MAGAR and KELLY MAGAR, | Civil Action No. 7:07CV00111 |
| Appellants, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| U.S. TRUSTEE, | Hon. James C. Turk |
| | Senior United State District Judge |
| Appellee. | |

This matter is before the Court upon Appellants David and Kelly Magar's ("the Magars") Motion for Reconsideration regarding this Court's Order entered on July 31, 2007 affirming a bankruptcy court's decision for Appellee, the U.S. Trustee. The Magars entered their motion on August 8, 2007, within the ten-day limit required by Federal Rule of Civil Procedure 59(e). The U.S. Trustee filed a Response to Appellants' Motion for Reconsideration. The Magars answered with a Reply to the U.S. Trustee's Response to Appellants' Motion for Reconsideration. Both parties denied oral argument. This matter is, therefore, ripe for decision. For the reasons stated below, the Magars' Motion for Reconsideration is **DENIED**.

Pursuant to Federal Rule of Civil Procedure 59, a new trial may be granted to all or any of the parties on a motion, and the court may amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment. The Fourth Circuit has recognized three grounds for amending an earlier judgment under Rule 59: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993).

Neither the Magars' Motion for Reconsideration nor their reply address either of the first two grounds and the Court is aware of neither any intervening change in controlling law nor any new evidence not available at trial. Addressing the third ground, the Magars' reply to the U.S. Trustee's response maintains that the Court's Order amounts to a manifest injustice. Specifically, the Magars argue that due to the typographical error in the U.S. Trustee's complaint, the Magars did not receive due process of law. Furthermore, they argue that because the U.S. Trustee cited 11 U.S.C. § 727(d)(2) and then proceeded with argument, pursuant to 11 U.S.C. § 727(d)(3), the Magars were strategically unprepared to argue the case at trial.

The bankruptcy court and this Court considered the appeal in the context of 11 U.S.C. § 727(d)(3). In their reply, the Magars concede that the U.S. Trustee made a typographical error in the complaint. Additionally, while the complaint cited the incorrect subsection of the statute on point, the rest of the complaint raised issues appropriate for fashioning an argument under 11 U.S.C. § 727(d)(3) rather than 11 U.S.C. § 727(d)(2). The Magars received due process of the law because they were made aware of all of the pertinent issues raised by the complaint in order to strategically prepare for trial. The U.S. Trustee's typographical error does not amount to a manifest injustice nor was there any clear error of the law.

The Clerk of the Court is directed to send certified copies of this order to the plaintiff and to counsel of record for the defendants.

**ENTER:** This _19th_ day of September, 2007.

Hon. James C. Turk
Senior United States District Judge

2